# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE/SHELBY DIVISION
# CIVIL CASE NO. 4:94cv66

| | |
|---|---|
| TRUDY L. BRACKETT, Administratrix of the Estate of William Newell Ledford, Deceased, et al.,<br><br>   Plaintiffs,<br><br>vs.<br><br>ABEX CORPORATION, et al.,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  **O R D E R**<br>)<br>)<br>)<br>)<br>)<br>) |

**THIS MATTER** is before the Court on the Defendant Pneumo Abex's Motion to Reconsider. [Doc. 16].

The Defendant moves the Court to reconsider its Order denying the Defendant's Motion to Continue the pretrial conference and trial of this matter for 120 days. [Doc. 16]. As grounds for reconsideration, counsel for the Defendant states that he is scheduled to begin a trial in New York state court on April 16, 2012 and that this trial will proceed as planned, thereby conflicting with the trial date of the present case. [Id. at 1].

Counsel further states that there are only five attorneys in his firm and that he is the only attorney in the firm who is experienced in trying asbestos cases and is licensed in North Carolina. The exhibit to counsel's motion, however, indicates that at least one other attorney in his firm has been assisting him in litigating this matter. [See Doc. 16-1].

Counsel fails to realize that these facts avail the Defendant nothing for two reasons. First, as the Motion indicates the trial date for the New York action was scheduled on March 22, 2012, well after the trial date was scheduled in the present case. As such, the trial in the present case would ordinarily take precedence over counsel's state court matter. Second, even if counsel's New York case takes the four weeks it is anticipated to last, counsel will be available to try this case when it is scheduled.

Counsel further states that he has tried to complete discovery in this matter but has received no response from Plaintiffs' counsel. [Doc. 16 at 2]. This, too, avails the Defendant nothing for two reasons. First, this case has been pending for fourteen years; it was remanded by the MDL panel more than a year ago. Counsel has given no reason as to why discovery could not have been completed within that period of time. Moreover, counsel has failed

to provide any specific information regarding the time he anticipates would be required to complete discovery in this case.

For these reasons, the Court will deny the Defendant's request for reconsideration at this time. Should the Defendant seek reconsideration of this ruling at a later date, the Defendant should provide the Court with a proposed schedule, approved by both parties, for the completion of all pretrial matters in this case. In addition, counsel has previously sought a continuance of this case citing to the scheduling of expert witnesses being "problematic." Counsel, however, has filed nothing identifying who these experts are (for either side) or what their scheduling conflicts are during the upcoming term.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Reconsider [Doc. 16] is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: April 18, 2012

Martin Reidinger
United States District Judge