THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
SHELBY DIVISION
CIVIL CASE NO. 4:94cv66

| | |
|---|---|
| RAYMOND ROGER LEDFORD, Administrator of the Estate of William Newell Ledford, Deceased, et al., | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) **O R D E R** ) ) |
| ABEX CORPORATION, et al., | ) ) |
| Defendants. | ) ) |

**THIS MATTER** is before the Court on the Defendant Pneumo Abex, LLC's Motion for Entry of Consent Scheduling Order. [Doc. 23]. All parties have consented to the proposed schedule.

For good cause shown, the Defendant's Motion [Doc. 23] is **ALLOWED**, and the Court hereby enters the following Pretrial Order and Case Management Plan in this matter.

| **DEADLINES AT A GLANCE** | |
|---|---|
| **Supplemental Expert Designations:** | May 25, 2012 |
| **Discovery Completion:** | July 15, 2012 |
| **Daubert Objections:** | July 15, 2012 |
| **Mediation:** | July 31, 2012 |
| **Motions** *in Limine*: | August 16, 2012 |
| **Final Pretrial Conference:** | August 23, 2012 |
| **Deposition Page/Line Designations:** | August 23, 2012 |
| **Exchange of Witness and Exhibit Lists:** | August 30, 2012 |
| **Trial:** | September 10, 2012 Term |

I.

A. DISCOVERY GUIDELINES: Each party may propound no more than **twenty (20)** single part interrogatories; each party may submit no more than **twenty-five (25)** requests for admissions to any other party; each party may depose no more than **six (6)** fact witnesses without prior approval of the Court. Parties may, however, by agreement, increase the numbers set forth in this paragraph, and if unable to agree, may then seek Court intervention by motion.

B. RESPONSES TO INTERROGATORIES AND REQUESTS FOR ADMISSION: Every response to an interrogatory or

2

request for admission, and every objection thereto, shall be preceded by the original number and complete text of the corresponding interrogatory or request for admission.

C. THE MAINTENANCE OF DISCOVERY MATERIALS: Discovery materials are <u>NOT</u> to be filed. All counsel are advised to consult the local rule which provides that while depositions, interrogatories, and requests for admission, and responses thereto, must still be <u>served</u> on all parties, <u>they are no longer to be filed</u> unless upon order of the Court. The parties are responsible for the preservation of any and all discovery materials they may generate.

D. VIDEO DEPOSITIONS: If video depositions are taken and counsel intend to use them at trial, counsel are directed to resolve any objections and edit the video accordingly so that the video may be shown without interruption. If the parties are unable to resolve such issues, they must be raised in time to be addressed at the final pretrial conference. Failure to do so will result in objections being deemed to be waived.

3

E. PROTECTIVE ORDERS: Any objections made to discovery requests shall be accompanied by a draft proposed protective order if such order is, or will be, requested. When counsel submit proposed protective orders, they shall include a provision leaving the ultimate disposition of protected materials subject to a final order of the Court on the completion of litigation.

F. DISCOVERY COMPLETION: All discovery must be completed by **July 15, 2012**. Counsel are directed to initiate discovery requests and notice or subpoena depositions sufficiently in advance of the discovery completion deadline so as to comply with this Order. Discovery requests that seek responses or schedule depositions after the discovery completion deadline are not enforceable except by order of the Court for good cause shown. The parties may consent to extensions of the discovery completion deadline so long as any such extension expires not later than ten (10) days prior to Trial Date (as that term is defined in this Order). If a party

4

requests an extension of time to respond to discovery requests or to extend the discovery deadline, the result of consultation with opposing counsel must be stated in the motion. Depositions taken for the sole purpose of preserving testimony for trial are not considered discovery for the purposes of this section provided that 1) the witness will be unavailable for trial for one of the reasons set forth in Rule 32(a)(3) and 2) the reason for such unavailability is that the witness resides outside the subpoena power of this Court and the party seeking to take such deposition has failed, after making a good faith effort, to obtain a commitment from the witness to testify at trial voluntarily, and 3) such deposition can be concluded no later than fourteen (14) days prior to the Trial Date.

G. EXPERT WITNESSES: Supplemental Expert Designations are due no later than **May 25, 2012**. If any party (plaintiff or defendant) believes that additional experts are necessary, such party should serve an additional designation and expert report and move the Court to allow such additional

expert by **May 25, 2012**. Further, any <u>Daubert</u> objections must be filed by **July 15, 2012**.

H.     DEPOSITION DESIGNATIONS: The parties shall exchange page/line designations of depositions which they intend to read at trial by **August 23, 2012**.

II.

A.     MOTIONS DEADLINE: Any motions *in limine* must be filed by **August 16, 2012**. Parties may not extend this deadline by agreement and stipulated extensions of the completion of discovery do not extend the Motions Deadline.

B.     MOTIONS HEARINGS: Hearings on motions *in limine* ordinarily will be conducted only when the Rules require a hearing, or when the papers filed in support of and in opposition to the motion do not provide an adequate basis for decision. If the Court determines that a hearing is necessary on any motions *in limine*, such hearing shall be conducted at the time of the Final Pretrial Conference.

C.     MEMORANDA IN SUPPORT OF MOTIONS: Every motion shall include, or be accompanied by, a brief written

statement of the facts, a statement of the law, including citations of authority and the grounds on which the motion is based. No brief may exceed 25 pages without Court approval. Briefs must be double spaced and in at least 14 point type. Motions not in compliance with this order are subject to summary denial. No memorandum, however, need accompany those motions exempted from this provision under LR 7.2 and simple consent motions, motions to continue, and motions to withdraw as counsel provided that such motions contain an adequate statement of the basis for the relief sought.

D. RESPONSES TO MOTIONS: Responses to motions *in limine*, if any, must be filed within seven (7) days of the date on which the certificate of service is signed. The Court deems a motion ripe for determination upon the timely filing of the response. Where a motion is not responded to within the time provided, the Court may grant the relief requested, if good cause is shown in such motion. The filing of a reply brief is allowed only if the response raises new matters.

The reply shall be limited to a discussion of such newly raised matters. Such reply should be filed no later than seven (7) days after the filing of the response, shall not exceed ten (10) pages in length, and shall be double spaced and in at least 14 point type.

E. EXTENSIONS OF TIME TO RESPOND: If counsel need more than seven (7) days to file a response, they shall file a motion for extension of time to respond. The moving party must state within the motion what actions have been undertaken to consult with opposing counselregarding the requested extension and must notify the Court of the views of opposing counsel regarding the request. If the party fails to make the requisite showing, the Court may summarily deny the request. Such motions for extension will be granted only upon a showing of cause and should be the exception rather than the rule.

F. MOTIONS TO COMPEL: A motion to compel must include a statement by the movant that the parties have conferred in good faith in an attempt to resolve the dispute and are

unable to do so. After reviewing the merits of a motion and the response thereto, the Court may order the parties to confer again in a good faith attempt to resolve the dispute or to narrow the issues. Consistent with the spirit, purpose, and explicit directives of the Federal Rules of Civil Procedure, the Court expects all parties to attempt in good faith to resolve discovery disputes without the necessity of Court intervention. Failure to do so may result in appropriate sanctions.

### III. ALTERNATIVE DISPUTE RESOLUTION

A. Mediation **IS** ordered in this case.

B. Mediation shall be completed by **July 31, 2012**.

C. Within twenty-one (21) days of the entry of this Order the parties shall select and agree upon a mediator and shall file with the Court a report stating the identity of the mediator selected. If the parties are unable to agree upon a mediator they shall, within twenty-one (21) days of the entry of this Order, file with the Court a report stating that they have

9

been unable to agree upon a mediator and the reasons for such inability.

D. Within seven (7) days of the completion of the mediation there shall be filed with the Court a Mediation Report which states whether all, a portion or none of the case has settled. The Mediation Report shall be filed with the Court electronically in such a form as to be docketed by the Clerk. It shall be the responsibility of the mediator to file the Mediation Report with the Court, except that if the mediator does not have an electronic case filing (ecf) account with the Clerk, then it shall be the responsibility of the Defendant(s) to file the Mediation Report for the mediator. It is the responsibility of the Defendant(s) to determine whether the mediator has an ecf account with the Clerk.

E. If this case is resolved by a settlement of the parties, whether at mediation or otherwise, the parties shall file all such documents with the Court so as to effectuate the closing of the Court file within thirty (30) days of reaching such agreement, or within thirty (30) days of the mediation,

10

Case 4:94-cv-00066-MR   Document 26   Filed 05/18/12   Page 10 of 18

whichever is sooner, unless additional time is sought and granted by the Court.

## IV. TRIAL PROCEDURES

A. TRIAL SUBPOENAS: Counsel must subpoena all witnesses <u>at least ten (10) days</u> before the day on which the Clerk of Court has set the case for trial (Trial Date). The Court <u>may</u> elect not to enforce subpoenas that have not been issued in compliance with this deadline or, if requested, <u>may</u> quash subpoenas that have not been issued in compliance with this deadline.

B. COUNSEL'S DUTIES PRIOR TO TRIAL: <u>Either one week before the Trial Date or at the Final Pretrial Conference</u>, whichever is earlier, counsel for all parties shall:

(1) Discuss the possibility of a settlement;

(2) Exchange copies of exhibits or permit inspection if copying is impractical;

(3) Number and become acquainted with all exhibits;

(4) Agree upon the issues, reduce them to writing and file them with the Court. If counsel cannot agree upon

11

the issues, each party is directed to write his/her own version and file it with the Court;

(5) Agree upon stipulations of fact and file them with the Court. The parties are encouraged to stipulate to as many facts a possible to facilitate the trial of the case;

C. PROPOSED JURY INSTRUCTIONS: If a jury trial has been requested, all counsel shall submit proposed jury instructions **no later than the day of the final pretrial conference**. Additional instructions may be submitted during the trial as circumstances may require. Counsel should number each proposed instruction and shall submit each proposed instruction on a separate page. Each proposed instruction <u>must</u> contain a supporting citation(s) as a footnote. A proposed instruction without a supporting citation will not be considered. Boilerplate introductory instructions are not required to be submitted.

D. COUNSEL'S PRE-TRIAL FILINGS: The parties are to file the following with the Court:

12

(1) No later than one (1) week before the first day of the term of Court in which this matter is set for trial (the Trial Date), or the Final Pretrial Conference, whichever is earlier, the parties shall file with the Court

   (a) The issues and stipulations as called for above; and

   (b) A trial brief addressing all questions of law and any anticipated evidentiary issues. Such trial brief shall not exceed 25 pages and shall be double spaced and in at least 14 point type.

(2) No later than **the morning of the day on which jury selection is scheduled to begin** (the Trial Date), counsel for each party shall file the following documents with the Clerk of Court and provide a hard copy to the presiding judge or his courtroom clerk:

   (a) A witness list containing the name of every proposed witness;

13

(b) A statement of the education, experience, and qualifications of each expert witness, unless the parties have stipulated to the qualifications of each expert witness;

(c) Stipulations concerning the authenticity and admissibility of as many proposed exhibits as possible; and

(d) An exhibit list.

E. EXHIBIT NOTEBOOKS: If counsel for any party intends to tender more than fifteen (15) documentary exhibits, counsel for that party shall prepare <u>two (2) identical exhibit notebooks</u>, or sets of exhibit notebooks. Each exhibit notebook, or set of exhibit notebooks, shall contain an index of the exhibits and a copy of each exhibit. Counsel shall tab each exhibit and shall numerically arrange each exhibit notebook, or set of exhibit notebooks. Two (2) identical exhibit notebooks, or sets of exhibit notebooks, are necessary so that the witness and the Court each have an exhibit notebook, or set of exhibit notebooks.

14

F. FORMAT FOR EXHIBIT LIST: In preparing the exhibit list, counsel separately shall identify and number each exhibit, shall arrange the list numerically by exhibit number, and shall place the following headings on the exhibit list:

<u>Exhibit #</u>

<u>Description</u>

<u>Stipulation of Authenticity</u>

<u>Stipulation of Admissibility</u>

<u>Objection</u>

<u>Identified by</u>

<u>Admitted</u>

It is not necessary for counsel to make entries in either the "Identified by" column or the "Admitted" column. Counsel should only enter "Yes" or "No" for each exhibit in the columns regarding the stipulations of authenticity and admissibility.

G. JURY VOIR DIRE: Following initial voir dire by the Court, counsel will be given a limited opportunity to conduct

15

additional voir dire, subject to the Court's supervision for reasonableness and relevance.

H. SANCTIONS FOR COUNSEL'S FAILURE TO MEET DEADLINE FOR FILING: If any party fails to comply timely, the Court <u>may</u> impose sanctions, including but not limited to, a $50.00 per day fine assessed against counsel.

I. ASSESSMENT OF JURY COST: Whenever a civil action scheduled for a jury trial is settled or otherwise disposed of in advance of the actual trial, the Court may assess all jurors' costs, including Marshal's fees, mileage reimbursement, and <u>per diem</u> fees, equally against the parties or otherwise may determine appropriate assessments unless the Clerk's Office is notified at least one (1) full business day prior to the date on which the action is scheduled for trial or the parties establish good cause why the Court should not assess jury costs against the parties. When any civil jury trial is settled at trial in advance of the verdict, the Court likewise may make the

same assessments unless the parties establish good cause why the Court should not do so.

V.

A. FINAL PRETRIAL CONFERENCE: A Final Pretrial Conference will be held on **August 23, 2012**.

B. TRIAL DATE: Trial is scheduled to commence **WITH** a jury during the first civil trial term beginning on or after **September 10, 2012**. The term "Trial Date" has been used throughout this Order to refer to the first day of the term in which this case is ultimately set for trial, that also being the date on which jury selection is scheduled to begin for this case.

C. LENGTH OF TRIAL: Trial is anticipated to last **10 days.**

D. A district judge or magistrate may convene a settlement conference at any time.

VI.

To the extent that any provision of the local rules conflict with this Order, this Order shall govern. This Order is subject to

17

modification only by Order of this Court and may not be modified by agreements among the parties.

**IT IS SO ORDERED.**

Signed: May 18, 2012

Martin Reidinger
United States District Judge