THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
SHELBY DIVISION
CIVIL CASE NO. 4:94cv66

| | |
|---|---|
| RAYMOND ROGER LEDFORD, Administrator of the Estate of William Newell Ledford, Deceased, et al., | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | )   **O R D E R** ) ) |
| ABEX CORPORATION, et al., | ) ) |
| Defendants. | ) ) |

**THIS MATTER** is before the Court on the Defendants' Motions to Reconsider [Docs. 44, 45].

The Defendants move for reconsideration of the Court's Order granting the Plaintiffs' Motion to Strike the Defendants' Motions for Summary Judgment as untimely. [Docs. 44, 45]. For grounds, the Defendants argue that the deadline for responding to the Plaintiffs' Motion to Strike had not yet expired at the time that the Court entered the Order, and that they are entitled to respond to the motion before the Court makes its ruling. [Id.].

Contrary to the Defendants' arguments, the Court is not obligated to await a response to a motion before considering it, especially where, as here, the relief is clearly warranted. Further, if the Court had waited for the Defendants' Responses to be filed, the Plaintiffs would have been required to respond to the Defendants' summary judgment motion while awaiting a ruling on their motion to strike. By ruling on the motion to strike expeditiously, the Court obviated the need for the Plaintiffs to expend time and resources responding to motions that were improperly filed in the first place.

The Defendants attach copies of their proposed Responses to the Motion to Strike for the Court's consideration. [Id.]. The Court notes that in these Responses, the Defendants fail to address the fact that the dispositive motions deadline set by Judge Robreno in the MDL action expired in *December 2010.* Rather, the Defendants argue that the parties privately had agreed to an extension of the discovery deadline until August 2, 2012, and that "such dispositive motions are generally filed at or near the completion of the discovery period." [Doc. 44-2 at 2, Doc. 45-2 at 2]. This argument fails to acknowledge, however, that the parties made no request for an extension of the dispositive motions deadline set by Judge Robreno, and thus no provision was made in this Court's Case Management Order for the filing of such

2

motions prior to trial. Thus, regardless of any private agreements made among the parties to extend the time for discovery, the Defendants' motions were untimely.

The filing of further dispositive motions clearly was not contemplated by the Court in entering the Case Management Order, as evidenced by the fact that this case has been scheduled for trial during the Court's September 10, 2012 trial term. The time required for the briefing and disposition of summary judgment motions at this late date would render the trial schedule set forth in this Case Management Order a nullity.

In sum, the Defendants' Motions for Summary Judgment was clearly untimely, and the Court was not obligated to await a response from the Defendants before granting the Plaintiffs' Motion to Strike. Accordingly, the Defendants' request for reconsideration is denied.

**IT IS, THEREFORE, ORDERED** that the Defendants' Motions to Reconsider [Docs. 44, 45] are **DENIED**.

**IT IS SO ORDERED.**

Signed: August 7, 2012

Martin Reidinger
United States District Judge

3

Case 4:94-cv-00066-MR   Document 46   Filed 08/07/12   Page 3 of 3